# Manning, Esq.
Law Offices
49 Oldox Road
Delmar, NY 12054

Jeremy F. Manning, Esq.
jfm@manningesq.com
Direct: 917.757.1485

February 22, 2010

BY FACSIMILE (212) 805-7942

Hon. Alvin K. Hellerstein
United States District Judge
United States District Court for the
Southern District of New York
Room 1050 - United States Courthouse
500 Pearl Street
New York, NY 10007

> *[Handwritten endorsement:]* Def'ts are given until March 19, 2010 to plead. The corp'n will not be allowed to plead except through a duly-admitted lawyer and if not so represented by then, may suffer default. No further extensions will be granted.
> 2-22-10
> /s/ AKH

Re: **Plaintiff's Opposition to Defendants' First Request for Extension**
**1:10 cv 722 - Prokesch d/b/a Metropolitan Events v. Restauri et al.**

Dear Judge Hellerstein:

I write to oppose Defendants' eleventh hour request for an extension of time to respond to my client's Complaint. By way of background, my client Kathleen Prokesch manages an event management business called Metropolitan Events. At the commencement of this dispute in or around December 2009, Defendants engaged a Pittsburgh, Pennsylvania-based attorney named Vincent J. Restauri. Based on a Google search, Mr. Restauri appears to have been admitted to practice in Pennsylvania since 1977. Contrary to the claims he makes in his letter application, Mr. Restauri has never made a concrete settlement offer and his written communications have contained all manner of threats and demands. Apparently, Mr. Restauri is the brother of one Defendant and may be an officer of the other.

Last Friday afternoon, February 19, 2009, Mr. Restauri sent me an email notifying me that he intended to make an application for an extension of time to respond to the Complaint. Rather than wait to receive my reasons for objecting, and in contravention of the Court's Individual Rules, Mr. Restauri went ahead and faxed the Court his application yesterday, February 21, 2009. I therefore write this letter to state my client's reasons for objecting.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/10



www.manningesq.com

Hon. Alvin K. Hellerstein
Plaintiff's Opposition to Defendants' Extension Request
February 22, 2010
Page 2 of 2

Mr. Restauri appears to have been an attorney for many years and according to another Google search has been admitted *pro hac vice* in other jurisdictions. He therefore should be presumed to be familiar with the procedures required to make an application for admission. He also should be presumed to be familiar with, and be held to, the Federal Rules of Civil Procedure, as amended on December 1, 2009, which require a Defendant to respond to a Complaint within twenty-one (21) days. Fed. R. Civ. P. Rule 12(a)(1)(A)(i).

This lawsuit was filed on January 29, 2010 and a Summons and Complaint served on Defendant Restauri on February 2, 2010. Under the Federal Rules of Civil Procedure, a response is due tomorrow, February 23, 2010. Id.

Mr. Restauri had plenty of time to organize a defense on behalf of the Defendants and full knowledge of the procedures required for defending a lawsuit as well as the time in which he was required to respond. And yet at this point, not only has Mr. Restauri failed to comply with the requirements to file a valid Notice of Appearance in this Court, he also seeks to flout the Federal Rules of Civil Procedure.

Mr. Restauri's reasons for seeking delay are weak. First, as indicated above, Mr. Restauri has not made any concrete settlement offers and has in fact sought to threaten the Plaintiffs with all manner of future actions unless they comply with his demands. Second, as also noted above, Mr. Restauri has the knowledge of, and has had ample time and opportunity to follow, the required procedures for gaining *pro hac vice* permission to appear before this Court. His excuse that "intended local counsel discovered a prohibiting rule" is both nonsensical and vague and the fact that it occurred a "few days ago" cannot overcome the reality that Mr. Restauri had weeks to arrange counsel and apply for *pro hac vice* permission to appear before this Court. Finally, whether Defendants countersigned his request has no bearing on the resolution of the application.

There is an old adage that justice delayed is justice denied. This is one of the fundamental reasons that time limits are set for litigants. Plaintiff therefore respectfully requests that the Court deny Mr. Restauri's request on behalf of Defendants for more time to respond to the Complaint, or in the alternative, if the Court determines that such a delay is warranted, that the Court order Mr. Restauri to respond by February 26, 2010.

Respectfully,

Jeremiah F. Manning, Esq.

cc: Ms. Kathleen Prokesch

www.manningesq.com

2